IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 2:19-1013-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| North Charleston Police Department; Chief | ) | |
| Eddie Driggers; Sergeant Ronald Webb; | ) | |
| Officer Clarence Habersham; Justin Infinger; | ) | |
| Officer Justice Jenkins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant.[1] Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By order dated May 28, 2019, the court authorized service of process against the defendants. (ECF No. 13. **However, the summons for Defendant Clarence Habersham was returned unexecuted because the Form USM-285 was deficient.** (ECF No. 23.) A copy of the deficient Form USM-285 is attached to this order. The remarks from the United States Marshals indicates that Habersham is no longer employed by the City of North Charleston and is not at the address given by Plaintiff.

Plaintiff is reminded that she must provide, and is responsible for, information sufficient to identify the defendant on the Form USM-285. The United States Marshal cannot serve an inadequately identified defendant. Rule 4(m) provides that, unless a defendant is served within ninety (90) days after the complaint is filed, the court must dismiss an action without prejudice as to that defendant.[2] See Mendez v. Elliot, 45 F.3d 75, 78–80 (4th Cir. 1995) (collecting cases).

---

[1] This matter was severed from Shuler v. Orangeburg County Sheriff's Department, C/A No. 5:19-88-MGL-PGJ.

[2] Commencement of a state law claim is determined by Rule 3 of the South Carolina Rules of Civil Procedure, rather than Rule 4 of the Federal Rules of Civil Procedure, and could impact the time allowed for service of process within the applicable statute of limitations for any state law claim.



**Therefore, Plaintiff is directed to complete and return a summons and Form USM-285 for Defendant Clarence Habersham within fourteen (14) days from the date this order is entered (plus three days for mail time), that provides an address for this defendant.** These documents must be mailed to: Clerk of Court, 901 Richland Street, Columbia, South Carolina 29201.

**TO THE CLERK OF COURT**:

The Office of the Clerk of Court is directed to mail a copy of this order, a copy of the deficient Form USM-285, a blank summons form, and a blank Form USM-285 to Plaintiff. The Plaintiff will have fourteen (14) days from the date this Order is entered (plus three days for mail time) to provide an updated address for the unserved defendant and submit an updated summons and Form USM-285 to the Clerk of Court.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 26, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).