IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Melodie Shuler, | ) | C/A No. 2:19-1013-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| North Charleston Police Department; Chief | ) | |
| Eddie Driggers; Sergeant Ronald Webb; | ) | |
| Officer Clarence Habersham; Justin Infinger; | ) | |
| Officer Justice Jenkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Melodie Shuler, proceeding *pro se*, filed this civil rights action. Shuler is

proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and

Recommendation on the defendants' motion to dismiss or, in the alternative, motion for summary

judgment. (ECF No. 40.)

## PROCEDURAL HISTORY

On January 11, 2019, Shuler filed Shuler v. State of South Carolina, Civil Action No. 5:19-

cv-88-MGL, in this court. By order dated April 4, 2019, this matter was severed from that case.

The court authorized the issuance and service of process on May 28, 2019, construing the

following claims in the Complaint:

- Violations of the Fourteenth Amendment's Equal Protection Clause based on race and sex pursuant to 42 U.S.C. § 1983 against the North Charleston Police Department.

- Illegal search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Officer Clarence Habersham.

- Supervisory liability pursuant to 42 U.S.C. § 1983 against Chief Eddie Driggers and Sergeant Ronald Webb.

- Intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against all of the defendants.

(ECF No. 13.)  The court ordered that service be effected by the United States Marshals Service because Shuler is proceeding *in forma pauperis*.

On July 1, 2019, the summons and Form USM-285 for Defendant Officer Clarence Habersham was returned by the Marshals to the court unexecuted.  (ECF No. 23.)  The address at which Shuler indicated on the Form USM-285 Habersham could be served was his work address with the City of North Charleston.  However, the U.S. Marshal who attempted service indicated on the returned Form USM-285 that he was informed that Habersham no longer worked for the City of North Charleston.  By order dated July 26, 2019, the court directed Shuler to complete the documents necessary for the court to again authorize the issuance and service of process against Habersham by providing an address at which Habersham could be served.  (ECF No. 33.)  Shuler did not respond to the court's order.

On December 2, 2019, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment.  (ECF No. 40.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Shuler of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. [1]  (ECF No. 41.)  Shuler did not respond to the defendants' motion.  On January 28, 2020, the court issued a Report and Recommendation recommending that this action be dismissed with prejudice because of Shuler's failure to prosecute her case.  (ECF No. 49.)  On February 10, 2020, Shuler filed a

---

[1] Shuler indicates that, while she is proceeding *pro se*, she is a lawyer, though she is not a member of the South Carolina Bar.

motion for an extension of time to serve Habersham (ECF No. 53), and a motion for an extension

of time to respond to the court's orders from May 2019 to the present and to file an amended

complaint (ECF No. 54).[2]  The defendant filed a response in opposition to Shuler's motions for an

extension of time.  (ECF No. 61.)  Also on February 10, Shuler filed an untimely response in

opposition to the defendant's motion to dismiss, or in the alternative, motion for summary

judgment, that she also titled as a motion for summary judgment (ECF No. 51), to which the

defendants replied (ECF No. 59).  The assigned district judge recommitted this matter to the

assigned magistrate judge in light of Shuler's filings.  (ECF No. 62.)  Having reviewed the record

presented and the applicable law, the court finds the defendants' motion to dismiss should be

granted.  But first, the court will address Shuler's motions.

## DISCUSSION

**A.**     **Shuler's Motions**

      **1.**     **Shuler's Motion for Extension of Time to Comply and to Amend the Complaint**

Shuler moves for an extension of time to comply with the court's orders and to amend her

Complaint.[3]  (ECF No. 54.)  See Fed. R. Civ. P. 16(b); Nourison Rug Corp. v. Parvizian, 535 F.3d

295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the

good cause standard must be satisfied to justify leave to amend the pleadings."); Gaskins v. BFI

Waste Servs., LLC, 281 F. App'x 255, 260 (4th Cir. 2008) (stating that whether a party can show

excusable neglect to justify an extension of time after the deadline has already passed under Rule

---

    [2] Shuler also filed a proposed amended complaint that was docketed as the Amended Complaint.  (ECF No. 55.)  However, under Federal Rule of Civil Procedure 15, Shuler could have only filed an amended complaint with leave of the court or consent of the defendants.  Accordingly, the Clerk of Court is directed to redocket ECF No. 55 as a proposed amended complaint.

    [3] The court set a deadline for the parties to amend their pleadings by August 1, 2019.  (ECF No. 27.)

6, the court should consider, "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.") (internal quotations marks and alterations omitted) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Shuler provides several bases for why she was unable to prosecute her case from July 2019 to now. Shuler claims that she was incapacitated by a head injury from June 6, 2019 to January 2020. (Id. at 1.) She provides medical records from a hospital visit on June 6, 2019 that show she sustained a contusion around her face or scalp. (ECF No. 54-1 at 2.) However, these medical records fail to establish that she was incapacitated at all, much less for over five months.

Shuler also asserts she did not receive the court's order until January 20, 2020 because her landlord did not provide her with her mail, she was falsely arrested by Henrico County (Virginia) Police in June 2019, and she fled Virginia due to a domestic incident. (ECF No. 54 at 2.) Shuler provides no evidence to support these assertions and she does not provide any indication that she was prevented from communicating with the court or defense counsel. The court's records do not reflect that any mail was returned or not delivered to Shuler. Moreover, given Shuler's legal training, she should not be excused from failing to prosecute this case for over five months or for failing to comply with the appropriate deadlines and rules, regardless of whether she received the court's written directions.

Shuler also argues that she attempted to respond to the court on January 20, 2020, when she indicates she first received the court's orders, but that she was thwarted by defense counsel in a different case Shuler has pending before the court by counsel's failure to communicate with her. However, defense counsel in a separate case cannot agree to an extension of time in this case. And

defendants in this case claim that Shuler made no attempt to communicate with counsel until February 6, 2020. (ECF No. 61 at 7.)

Moreover, the defendants convincingly explain that they would be prejudiced by Shuler being allowed to essentially restart her case after not prosecuting it for over five months. (ECF No. 61 at 8-9.) Therefore, Shuler has failed to provide good cause to extend the deadline to comply with the court's previous orders or to amend her complaint. Consequently, Shuler's motion for an extension of time to respond to the court's orders from May 2019 to the present and to file an amended complaint is denied. (ECF No. 54.)

### 2. Shuler's Motion for an Extension of Time for Service

Shuler moves for an extension of time to serve Defendant Officer Clarence Habersham. (ECF No. 53.) The defendants argue that Habersham should be dismissed because he has not been properly served. (ECF No. 40 at 6-7.) The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As detailed above, the court previously informed Shuler that her original attempt to serve Habersham was returned unexecuted by the United States Marshals Service and directed Shuler to complete the documents necessary to effect service on Habersham. The court provided Shuler this direction within the ninety-day time limit under Rule 4(m) and reminded Shuler of that time limit. Therefore, the court provided Shuler the necessary notice that Habersham would be dismissed if she failed to serve him, but Shuler made no attempt to effect service.

Initially, Shuler also argues the court should assume personal jurisdiction over Habersham because he has received actual notice of the proceeding. (ECF No. 53 at 1.) However, Shuler

provides no evidence that Habersham has been given actual notice of this lawsuit. The returned

Form USM-285 indicates only that his former employer was made aware of the lawsuit, and Shuler

provides no indication that she has attempted to serve Habersham herself. Moreover, actual notice

of the lawsuit by a defendant does not relieve a plaintiff's obligations to comply with the rules on

service of process. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th

Cir. 1984) ("When there is actual notice, every technical violation of the rule or failure of strict

compliance may not invalidate the service of process. But the rules are there to be followed, and

plain requirements for the means of effecting service of process may not be ignored."). Here,

Shuler makes no argument that she substantially complied with the rules or that her failure to serve

Habersham is a mere technical failure.

Shuler also asserts she can demonstrate good cause for her failure to effect service on

Habersham that requires the court to extend the time for service. The court disagrees. First, Shuler

argues that she believed that the court could not find that Habersham had a valid basis to contest

service. (ECF No. 53 at 2.) However, the court expressly informed Shuler that Habersham had

not been properly served in the court's July 26, 2019 order directing her to provide a better address

at which to serve Habersham. Also, Shuler is a lawyer, and therefore should not be excused from

comprehending the Federal Rules of Civil Procedure.

Finally, Shuler asserts that she was incapacitated by a head injury from June 6, 2019 to

January 2020, and that she did not receive the court's order until January 20, 2020 because her

landlord did not provide her with her mail, she was falsely arrested by Henrico County Police in

June 2019, and she fled the state in which she was living due to a domestic incident. (ECF No. 53

at 2-4.) But, for the reasons stated by the court for denying Shuler's motion for an extension of

time comply with the court's orders and to amend the Complaint, the court finds Shuler fails to

provide good cause to extend the deadline to serve Habersham.[4]  Consequently, Habersham should

be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

**B.      Defendants' Motion to Dismiss**

**1.      Background**

The following allegations are taken as true for purposes of resolving the defendants' motion

to dismiss.  Shuler claims that she moved to a hotel on Rivers Avenue in North Charleston, South

Carolina in March 2016.  (Compl., ECF No. 3 at 7.)  Shuler claims that while living there, she was

the victim of a domestic violence incident but that the North Charleston Police Department refused

to take any law enforcement action against her abuser.  (Id.)  She also claims that on May 31, 2016,

Officer Habersham forced her to sign a "stay away notice" from the hotel because the hotel's

owner did not like Shuler.  (Id. at 12, 41.)  Shuler also contends that the North Charleston Police

Department refused to enforce a valid order of protection.  (Id. at 10.)  Plaintiff claims

Habersham's conduct was motivated by discriminatory animus towards Shuler because he is

African-American.  (Id. at 12.)  Shuler further claims that "Chief Driggers and all supervisors"

were aware of the police officers' conduct but did nothing to discipline the officers.  (Id. at 12,

44.)

On January 11, 2019, Shuler filed this action pursuant to 42 U.S.C. § 1983 seeking

damages, and raising the following claims, as construed by the court's May 28, 2019 order:

- Violations of the Fourteenth Amendment's Equal Protection Clause based on race and sex pursuant to 42 U.S.C. § 1983 against the North Charleston Police Department.

- Illegal search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Officer Clarence Habersham.

---

[4] Additionally, Shuler provides no indication that, even if she were granted an extension of time, she can locate Habersham or provide an address at which the U.S. Marshals Service can effect service on him.

- Supervisory liability pursuant to 42 U.S.C. § 1983 against Chief Eddie Driggers and Sergeant Ronald Webb.

- Intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence against all of the defendants.

(ECF No. 13.)

### 2.    Rule 12(b)(6) Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)). While the court normally gives liberal construction to *pro se* pleadings, where the *pro se* plaintiff is a practicing or former attorney, courts have declined to give liberal construction to the complaint. Polidi v. Bannon, 226 F. Supp. 3d 615, 617 n.1 (E.D. Va. 2016) (collecting cases).

3.	Analysis

a.	**Defendants North Charleston Police Department and Habersham**

The defendants argue that the "North Charleston Police Department" is not an entity subject to suit. Shuler concedes that this defendant should be dismissed. (Pl.'s Resp. Opp'n, ECF No. 51 at 1.) Accordingly, the court recommends the North Charleston Police Department be dismissed. Also, as explained above, Defendant Habersham should be dismissed for lack of service of process. Therefore, the only remaining claims construed by the court are Shuler's claims for supervisory liability pursuant to § 1983 and her state law tort claims.

b.	**Supervisory Liability**

Defendants argue the Complaint fails to state a claim for supervisory liability upon which relief can be granted. The court agrees. While supervisory officials may be held liable in some circumstances for constitutional injuries inflicted by their subordinates, Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Carter v. Morris, 164 F.3d 215, 221 (4th Cir.1999). Here, Shuler plainly fails to allege facts that would meet this standard. Shuler claims only that Defendant Driggers and "all supervisors" were aware of their officers' conduct. (ECF No. 3 at 12.) Such a conclusory allegation is insufficient to plausibly allege that these defendants were aware of a risk to Shuler and failed to take action that injured Shuler. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations,

but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff,

devoid of factual support).   Accordingly, Shuler fails to state a claim for supervisory liability upon

which relief can be granted.

### c.      State Law Tort Claims

As to Shuler's state law tort claims, the defendants argue the claims fail as matter of law

under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 et seq.[5]   The

court agrees.   The individual defendants are not personally liable under the Act.   The Act provides,

"This chapter constitutes the exclusive remedy for any tort committed by an employee of a

governmental entity.   An employee of a governmental entity who commits a tort while acting

within the scope of his official duty is not liable therefor except as expressly provided for in

subsection (b)."   S.C. Code Ann. § 15-78-70(a).[6]   And, to the extent Shuler has named the proper

governmental entity as a defendant, it would be immune from suit.   Under the Act, the State

expressly consents to suit only in a South Carolina state court and does not consent to suit in a

federal court or in a court of another state.   S.C. Code Ann. § 15-78-20(e); see also Pennhurst State

School, 465 U.S. at n.9 (1984) (recognizing that a state must expressly consent to suit in a federal

district court).   Because the waiver of immunity extends only to suit in state courts, Shuler cannot

bring a claim pursuant to the SCTCA in federal court.   See, e.g., Gaskins v. South Carolina, C/A

No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim

sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not

---

[5] Shuler provides no response to the defendants' argument that her state tort law claims fail.

[6] Shuler provides no indication that she seeks to hold the defendants personally liable for acts that would fall outside of the Act, such as actual fraud, actual malice, intent to harm, or crimes involving moral turpitude. See S.C. Code Ann. § 15-78-70(b).

permitted in this federal court because of the Eleventh Amendment"), adopted by 2016 WL

3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding

that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives

immunity for claims in which *it has consented to suit in its own courts*).[7]

## RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motion to dismiss be

granted (ECF No. 40), and that Shuler's motion for summary judgment be denied (ECF No. 51).

Further, it is

**ORDERED** that Shuler's motions for an extension of time, and motion to amend the

Complaint, and motion for a hearing are denied. (ECF Nos. 51, 53, 54.)

March 19, 2020
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[7] To the extent Shuler asserts state law claims based on violations of the South Carolina Constitution, South Carolina does not recognize a cause of action for monetary damages for constitutional violations. See Palmer v. State, 829 S.E.2d 255, 261 (S.C. Ct. App. 2019).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).